Eaton v Pepgjonaj (2025 NY Slip Op 52098(U))

[*1]

Eaton v Pepgjonaj

2025 NY Slip Op 52098(U)

Decided on December 31, 2025

Civil Court Of The City Of New York, Kings County

Sanchez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 31, 2025
Civil Court of the City of New York, Kings County

Martin Eaton, Petitioner(s)

againstLuka Pepgjonaj; Department of Housing Preservation and Development, Respondent(s)

Index No. LT-000808-25/KI

Enedina Pilar Sanchez, J.

The verified petition in this HP proceeding seeks an Order to Correct and a finding of harassment. Petitioner Martin Eaton is the tenant of the subject premises described as 430 Grand Street, Apartment 4, Brooklyn, NY 11211. Respondent Luka Pepgjonaj is the owner of the property within the meaning of the NYC Housing Maintenance Code. Respondent did not appear, and Petitioner proved proper service of the commencing papers. The proceeding was scheduled for hearing on July 22, 2025, at 2:30 PM. The court notified all parties of the hearing date, and Respondent again failed to appear. Petitioner submitted documents in support of the inquest.
In this proceeding, Petitioner has brought claims for code violations in the subject property and building and harassment as defined in the Housing Maintenance Code. Regarding housing code violations, a violation status report available on the website of the Department of Housing Preservation and Development, and admissible pursuant to CPLR 4518 and MDL 328(3), shows 15 violations of the Housing Maintenance Code. The violations are in Petitioner's apartment and the common areas of the subject building and were noted as of July 22, 2025. Respondent is directed to correct the housing code violations within the statutory timeframe. The HPD report is made a part of this order and will be filed to NYSCEF with this order.
Regarding Petitioner's claim for harassment, the court has reviewed the documents and information that Petitioner has provided to the court. The court finds that the primary, although not the only, dispute between Petitioner and Respondent concern Petitioner renting out rooms in his apartment using the short-term rental service of Airbnb. Petitioner states that his unit is a three-bedroom apartment, that he has resided there since June 2011, and that with Respondent's permission he has used Airbnb to sublet two of the three bedrooms since 2013. Beginning in 2023, however, Petitioner states that disputes arose regarding the Airbnb sublets between Petitioner, Respondent and Respondent's agents. Petitioner's statements to the court include allegations regarding the building superintendent, Kristin Lukic, who is not the named Respondent, and her capacity to act for the Respondent-owner. The court does not have the power to adjudicate such allegations and will not address them other than to recognize her role as [*2]superintendent, and as Managing Agent for the building. Kristin Lukic as per the subject building's last HPD registration acts as an agent of the Respondent.
The dispute culminated in Respondent submitting the subject building to the New York City Mayor's Office of Special Enforcement's ("OSE") Prohibited Building List, which effectively prevented Petitioner from registering as short-term rental host under Local Law 18 of 2022. His unit was "delisted" on Airbnb. The interplay of these parties, the Office of Special Enforcement and how the acts of the Airbnb service have impacted the Petitioner would require this court to render declaratory relief, which is not available in Housing Court, and not proper.
The Housing Part (HP) has jurisdiction to hear a broad range of matters and empowered pursuant to New York City Civil Court Act Section 110 to hear claims involving the enforcement of state and local laws for the establishment and maintenance of housing standards, including, but not limited to, the multiple dwelling law, the housing maintenance code, the building code and the health code of the City of New York. Petitioner's harassment claim does not fall within the range of matters that may be considered pursuant to the harassment provisions.
Here Petitioner seeks a finding of harassment against the Respondent because Petitioner was "delisted" on Airbnb, and he may not be readily able to rent rooms in the subject premises with the same ease or maybe not at all. This, however, is a matter between Petitioner and the Airbnb platform, which it must follow local laws. See, Airbnb, Inc. v. N.Y.C. Mayor's Off. of Special Enf't, 2023 NY Slip Op 32740 (U), 2023 NY Misc. Lexis 4044 [Sup Ct NY Co 2023], "there is no question that OSE acted within the scope of its authority and the authority delegated it to by Local Law 18. OSE is tasked with administering the statutory scheme governing short-term rentals and it was entitled to promulgate the rules in question." The court dismissed Airbnb's claim regarding whether these rules attributed to Local Law 18 have a rational basis. "A court cannot base its review on whether the rule is the most effective way to effectuate the goal of the agency." See also, Columbus 69th LLC v. De Dominguez, 2024 NY Slip Op 33016(U) 2024 NY Misc. Lexis 5374 [Sup Ct NY Co 2024].
The court found in Richard Breslaw Family LP v NYC Dept. of Bldgs, 2020 NY Slip Op 30440(U) [Sup Ct NY Co. 2020] that an owner was held responsible for "violations of the building code [that] occurred when the apartments were illegally converted into short-term rental units as advertised on [Airbnb]." Here, Petitioner states that rooms were rented and due to the acts of the owner or his agent, the Airbnb option is or was no longer available or compromised. To the extent Local Law 18 regulates short-term rentals and now there are conflicts and tensions between this tenant and the owner because of the short-term rentals, such a situation does not constitute harassment under the housing code, and as such Petitioner's harassment claim must be dismissed. Petitioner, however, may assert any defense or counterclaim in the context of a summary proceeding to defend his tenancy interest pursuant RPAPL Section 743.
Accordingly, it is 
ORDERED that Respondent Luka Pepgjonaj correct the conditions specified on the affixed violations report within the statutory timeframe, and it is
ORDERED that failure to correct violations may result in the imposition of fines and other penalties as proper, and it is
ORDERED that if Petitioner later asserts that Respondent has not corrected the violations within this Order in the above timeframe, Petitioner may seek to restore this proceeding by filing [*3]an Order to Show Cause in Room 202, and it is
ORDERED that the harassment claim is dismissed.
Petitioner is to serve a copy of this Decision/Order upon the Respondent by First Class Mail, with Certificate of Mailing with 10 business days of the issuance of this Order.
This Decision/Order will be filed to NYSCEF, and a copy will be mailed to Petitioner.
This constitutes the Decision/Order of the court
So ordered,
Date: December 31, 2025
Hon. Enedina Pilar Sanchez
Housing Court Judge